U.S. DISTRICT COURT
FILED
AUG 29 2007
S.D. W.P. OF N.Y.

REQUEST FOR COURT ACTION

| | | |
|---|---|---|
| TO: | Honorable Charles L. Brieant<br>U.S. District Judge | OFFENSE: 18 USC 659: Theft of Interstate Freight |
| | | ORIGINAL SENTENCE: 10/21/03: 63 months imprisonment; three years supervised release; Revocation/TSR: 8/9/06: Sentence: 8 months imprisonment; 24 months Supervised Release |
| FROM: | Peter C. Warner<br>Sr. U.S. Probation Officer | SPEC. CONDITIONS: Substance Abuse Treatment; $51,245.69 restitution. |
| | | AUSA:   To Be Determined |
| RE: | Curtis Smith<br>Dkt # 07 CR 567(CLB) | MED:   January 5, 2008 |

DATE OF SENTENCE:   October 21, 2003

DATE:   August 23, 2007

ATTACHMENTS:   PSI, Judgement, Violation Petition,

REQUEST FOR:   WARRANT

---

## REQUEST FOR A WARRANT AND REVOCATION OF TSR

CUSTODY STATUS

The offender is at liberty in the community. We would respectfully request that the Court issue a warrant, so the offender can be brought before the Court to answer the specifications listed below.

(Rev. eVOP 1/5/07)

Smith, Curtis

2

SUPERVISION ADJUSTMENT

As noted, this offender was originally sentenced in the Northern District of Illinois on 10/21/2003 by the Honorable George W,. Lindberg. As he resided in the District of Connecticut following the term of imprisonment that district commenced the term of supervised release. In 2006 the offender violated the conditions of the term of supervised release and was brought before the original sentencing Court. As a result, the offender was sentenced in August, 2006 to an additional eight month term of imprisonment to be followed by a 24 month term of supervised release. Following this most recent term of imprisonment, the offender and his wife settled in Poughkeepsie, New York. Soon after his release from the Bureau of Prisons, this office completed Transfer of Jurisdiction proceedings in this matter and the case was assigned to Your Honor.

The offender and his wife reside in Poughkeepsie, Dutchess County. The offender secured employment immediately upon his release from the Bureau of Prisons. In fact, he secured two jobs and was working over eighty hours per week. At that time, the U.S. Probation Office expressed concern over the offender's work schedule to both the offender and his wife. The offender acknowledged he was placing great pressure on himself to address all of his financial obligations.

In June 2007, the offender tested positive for Cocaine and was referred for outpatient substance abuse treatment. In July, 2007 the offender was arrested for drug possession. Specifically, on 7/16/07 Smith was stopped on a motor vehicle infraction by New York State Troopers in Marlborough, NY At that time, troopers found a small amount of cocaine in his vehicle. The case is pending in Marlborough Town Court. When questioned about his arrest for cocaine possession, Smith acknowledged using that drug on a daily basis. Subsequently, this office attempted to arrange a long term inpatient treatment program for the offender at our contract treatment agency Riverside Support Services of Port Jervis, NY. The offender did not report for treatment as required and his whereabouts are unknown. In addition, his wife has secured an Order of Protection against him in Dutchess County. She is a crisis counselor in a local community program and claimed the offender had threatened her, and repeatedly stole money and items from their apartment.

VIOLATION CIRCUMSTANCES

1. ON OR ABOUT JUNE 21, 2007, JULY 23, 2007, AUGUST 14, 2007, IN THE SOUTHERN DISTRICT OF NEW YORK, THE RELEASEE USED A CONTROLLED SUBSTANCE, TO WIT, COCAINE. - MANDATED CONDITION - GRADE C VIOLATION

2. ON OR ABOUT JUNE 21, 2007, JULY 23, 2007, AUGUST 14, 2007, IN THE SOUTHERN DISTRICT OF NEW YORK, THE RELEASEE POSSESSED A CONTROLLED SUBSTANCE, TO WIT, COCAINE. MANDATED CONDITION , MANDATORY REVOCATION - GRADE C VIOLATION.

Smith, Curtis

3

3. ON JULY 16, 2007 IN MARLBOROUGH, NEW YORK, THE OFFENDER COMMITTED A NEW CRIMINAL OFFENSE, TO WIT, CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE (NYSPL 220.03 - CLASS A MISDEMEANOR) - GRADE C VIOLATION, MANDATORY CONDITION

4.. ON AUGUST 20, 2007 THE OFFENDER REFUSED TO ATTEND THE SUBSTANCE ABUSE INPATIENT TREATMENT PROGRAM AT THE RIVERSIDE SUPPORT CENTER IN PORT JERVIS, N.Y. AS DIRECTED BY THE U.S. PROBATION OFFICER. GRADE C VIOLATION, SPECIAL CONDITION.

## CHAPTER SEVEN GUIDELINE POLICY CONSIDERATIONS AND/OR STATUTORY REQUIREMENTS:

Chapter Seven of the Sentencing Guidelines sets forth policy statements regarding sentencing considerations in violation of supervised release matters. Case law requires the Court to consider these issues but, since they are policy statements, they are not binding.

According to Section 7B1.4, the possible ranges of imprisonment applicable upon a violation of supervised release are as follows:

| Specifications | Grade of Violations | Revocation Range (Based upon a Criminal History Category of VI) |
|---|---|---|
| 1 - 4 | C | Guideline Range: 8 - 14 months<br>Statutory: Not more than 16 months (as the offender previously served eight months for a violation of TSR) |

As the defendant was originally convicted of a Class C Felony, he may be required by statute {18 USC 3583(e)(3)} to serve a period of incarceration of not more than two (2) years. If the Court sentences the offender to a period of confinement, the Court may impose a term of supervised release. There are circumstances where the Court is required by statute to impose a term of supervised release. In both instances the term of supervised release may not exceed three years.

Pursuant to {18 USC 3583(h)}, if the term of supervised release is revoked and the term of

(Rev. eVOP 1/5/07)

Smith, Curtis

4

imprisonment imposed is less the maximum years, supervised release can be reimposed as authorized under the original offense, less any term of imprisonment that was imposed upon revocation of supervised release. Pursuant to 18 USC 3583(g), if the defendant is found to have possessed a controlled substance, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). However, the provisions found in 18 U.S.C. 3583(d) allows the Court to supersede 18 U.S.C. 3583(g). Specifically, the availability of appropriate substance abuse treatment programs or an individual's current or past participation in such programs may warrant such an exception.

RECOMMENDATION

This offender has returned to using cocaine on a daily basis, has committed new criminal conduct, and is unwilling to attend treatment. In addition, his wife has secured an order of protection against him. Clearly, Smith is a danger to himself and the community and the Federal statute requires a revocation of his TSR. Accordingly, we would respectfully request that the Court authorize a warrant be issued, revoke the term of supervised release and sentence Smith to a custodial term of eight months (with no supervised release to follow.)

**If the Court were to revoke the offender's current term of supervised release and re-impose a term of supervised release, we would respectfully request that the previously imposed Special Conditions remain in effect.**

Should the Court grant our request to initiate violation action, this memorandum will be disclosed to the offender, defense counsel and prosecutor, unless Your Honor directs otherwise.

Respectfully submitted,

Chris J. Stanton
Chief U.S. Probation Officer

Peter C. Warner
Sr. U.S. Probation Officer
845-344-2789 ext. 4

Approved by:

Harold N. Grant
Supervising U.S. Probation Officer

(Rev. eVOP 1/5/07)