
Case 7:07-cr-00567-CLB   Document 7   Filed 08/08/2008   Page 1 of 5


# REQUEST FOR COURT ACTION

| | | |
|---|---|---|
| TO: | Honorable Charles L. Brieant<br>U.S. District Judge | OFFENSE: 18 USC 659: Theft of Interstate Freight |
| FROM: | Peter C. Warner<br>Sr. U.S. Probation Officer | ORIGINAL SENTENCE: 63 months imprisonment; three years supervised release; |
| RE: | Curtis Smith<br>Dkt # 07 CR 567(CLB) | REVOCATION SENTENCE: 8 months imprisonment; 24 months supervised release |
| DATE OF SENTENCE: | October 21, 2003 | SPEC. CONDITIONS: Substance Abuse Treatment, $51,245.69 in Restitution |
| DATE OF REVOCATION SENTENCE: | August 9, 2006 | AUSA: To Be Assigned |
| DATE: | July 21, 2008 | MED: April 5, 2009 |

ATTACHMENTS:   PSI, Judgements, Previous Reports, Violation Petition, Police Reports
REQUEST FOR:   WARRANT

------

## REQUEST FOR A WARRANT

### CUSTODY STATUS

The offender is presently in the custody of the City of Elizabeth, N.J. police (details below). We would respectfully request that the Court issue a warrant to be lodged as a detainer, so the offender may be brought before the Court to answer the specifications listed below.

### SUPERVISION ADJUSTMENT

This offender was originally sentenced in the Northern District of Illinois on October 21, 2003, by the Honorable George W. Lindberg, U.S. District Judge. On January 6, 2006, the offender was released to the District of Connecticut due to his residence therein. In 2006, the offender violated the conditions of the term of supervised release and was brought before the original sentencing Court. As a result, the offender was sentenced in August, 2006 to an additional eight month term of imprisonment to be followed by a 24 month term of supervised release. Following this most recent term of imprisonment, the offender and his wife settled in Poughkeepsie, New York. Soon after his release from the Bureau of Prisons, this office completed Transfer of Jurisdiction proceedings in this matter and the case was assigned to Your Honor.

(Rev. eVOP 12/06/07)

Smith, Curtis                                    2                                    11791-P. Warner

On April 6, 2007, Smith commenced his supervision in our District. His initial adjustment as marginal. He was sporadically employed, and paid no restitution, but did report as directed and did not test positive for any illicit substances.

On June 21, 2007, the offender tested positive for cocaine and was referred for outpatient substance abuse treatment at VMC Consulting Services in Beacon, N.Y. On July 16, 2007, Smith was stopped on a motor vehicle infraction by New York State Troopers in Marlborough, N.Y. At that time, troopers found a small amount of cocaine in his vehicle. When questioned about his arrest for cocaine possession, Smith acknowledged using that drug. Subsequently, this office attempted to arrange a long term outpatient treatment program for the offender at our contract treatment agency Riverside Support Center in Port Jervis, N.Y. The offender did not report for treatment as required.

It should also be noted that at this time Cathy Smith, the offender's wife, claimed the offender had threatened her, and had repeatedly stolen money and items from their apartment resulting in her securing an Order of Protection against Smith in Dutchess County.

In September of 2007, the offender was brought before the Court on a Violation of Supervised Release. He admitted to the specification of Possessing a Controlled Substance and was released under the condition that he immediately enter the inpatient substance abuse program at Riverside Support Center. Smith entered the program, and was successfully discharged from Riverside in December, 2007.

In May of 2008, the offender reported having relapsed, and enrolled himself in a local detox program. He was discharged the following day. On May 25, 2008, the offender was arrested by the City of Newburgh Police Department and charged with two counts of Grand Larceny and one count of Possession of Stolen Property. On June 25, 2008, Smith was released from the Orange County Jail on his own recognizance, with directions to report the undersigned on July 2, 2008.

In the days that followed his release, the Probation Office received several calls from the offender's estranged wife reporting that the Poughkeepsie Police Department was looking for Smith in relation to a vehicle that was stolen from the offender's previous employer, Superior Walls, on June 30, 2008.

On July 2, 2008, the offender failed to report to the Probation Office as directed. Attempts to engage Smith via telephone, letter, and conversations with his wife proved unsuccessful, and his whereabouts were unknown.

On July 9, 2008, the Poughkeepsie Police Department contacted the undersigned to inform that Smith had been arrested in Elizabeth N.J. in possession of the stolen truck in question as well as of a quantity of crack cocaine and other assorted drug paraphernalia. Smith was taken into local custody, and remains there pending the charges of Possession of Stolen Property, Possession of Cocaine, and Possession of Paraphernalia (see attached).

Smith, Curtis                                3                              11791-P. Warner

VIOLATION CIRCUMSTANCES

1.  ON OR ABOUT MAY 25, 2008, IN THE CITY OF NEWBURGH, N.Y., THE RELEASEE COMMITTED A STATE CRIME; TO WIT, GRAND LARCENY 3RD DEGREE, IN VIOLATION OF NYSPL 155.35, A CLASS D FELONY (MANDATED CONDITION, GRADE B VIOLATION)

2.  ON OR ABOUT MAY 25, 2008, IN THE CITY OF NEWBURGH, N.Y., THE RELEASEE COMMITTED A STATE CRIME; TO WIT, GRAND LARCENY 4TH DEGREE, IN VIOLATION OF NYSPL 155.30, A CLASS E FELONY. (MANDATED CONDITION, GRADE B VIOLATION)

3.  ON OR ABOUT MAY 25, 2008, IN THE CITY OF NEWBURGH, N.Y., THE RELEASEE COMMITTED A STATE CRIME; TO WIT, POSSESSION OF STOLEN PROPERTY 5TH DEGREE, IN VIOLATION OF NYSPL 165.40, A CLASS A MISDEMEANOR. (MANDATED CONDITION, GRADE C VIOLATION)

In reference to specifications #1-3, on the above cited date, Smith was arrested in connection with a stolen sectional aluminum storage structure used for landslide protection in large trenches. Smith was released on his own recognizance on June 25, 2008. These charges (under case No.:CN-03224-08), as well as any subsequent bail infractions, remain pending.

4.  ON JULY 2, 2008, AND ANYTIME THEREAFTER, THE RELEASEE FAILED TO REPORT TO HIS PROBATION OFFICER AS DIRECTED. (CONDITION #2, GRADE C VIOLATION)

As stated, on the above cited date, Smith failed to report after he was directed to do so upon his release from Orange County Jail on June 25, 2008. It should be noted that Smith broke off all contact with the Probation office after his release, and until his arrest on July 9, 2008, his whereabouts had been unknown.

5.  ON OR ABOUT JULY 8, 2008, IN THE CITY OF ELIZABETH, N.J. THE RELEASEE COMMITTED A STATE CRIME; TO WIT, RECEIVING STOLEN PROPERTY, IN VIOLATION OF NJSPL 2C:20-7. (MANDATED CONDITION, GRADE B VIOLATION)

6.  ON OR ABOUT JULY 8, 2008, IN THE CITY OF ELIZABETH, N.J. THE RELEASEE COMMITTED A STATE CRIME; TO WIT, POSSESSION OF COCAINE, IN VIOLATION OF NJSPL 2C:35-10A1. (MANDATED CONDITION, GRADE A VIOLATION - MANDATORY REVOCATION)

(Rev eVOP 12/06/07)

Smith, Curtis                                      4                              11791-P. Warner

7. **ON OR ABOUT JULY 8, 2008, IN THE CITY OF ELIZABETH, N.J. THE RELEASEE COMMITTED A STATE CRIME; TO WIT, POSSESSION OF PARAPHERNALIA, IN VIOLATION OF NJSPL 2C:36-2, A VIOLATION . (MANDATED CONDITION, GRADE C VIOLATION)**

In reference to specifications #5-6, on the above cited date, Smith was arrested when Elizabeth, N.J. Police approached Smith while inside of a yellow tractor, parked at a gas station. After some initial conversation, a check of the vehicle revealed that it was stolen. Upon searching the vehicle the drugs, and paraphernalia were discovered. Smith remains in their custody at this time, and the charges (under case No.:08-15313) remain pending.

## CHAPTER SEVEN GUIDELINE POLICY CONSIDERATIONS AND/OR STATUTORY REQUIREMENTS:

Chapter Seven of the Sentencing Guidelines sets forth policy statements regarding sentencing considerations in violation of supervised release matters. Case law requires the Court to consider these issues but, since they are policy statements, they are not binding.

According to Section 7B1.4, the possible ranges of imprisonment applicable upon a violation of supervised release are as follows:

| Specification | Grade of Violation | Revocation Range (Based upon a Criminal History Category of VI) |
|---|---|---|
| 6 | A | Guideline Range: 33-41 months<br>Statutory: Not more than 16 months |
| 1-2, & 5 | B | Guideline Range: 21-27 months<br>Statutory: Not more than 16 months |
| 3 and 7 | C | Guideline Range: 8 - 14 months<br>Statutory: Not more than 16 months |

As the defendant was originally convicted of a class C Felony, he may be required by statute {18 USC 3583 (e)(3)} to serve a period of incarceration of not more than two years (less any time sentenced on a previous revocation of supervised release). In this case, Smith's original supervised release term was revoked in 2006, and he served 8 months' imprisonment for the violation. As such, the maximum term of imprisonment available in this matter is 16 months.

Pursuant to {18 USC 3583(h)}, if the term of supervised release is revoked and the term of imprisonment imposed is less the maximum years, supervised release can be reimposed as authorized under the original offense, 18 USC 659, less any term of imprisonment that was imposed upon revocation of supervised release.

(Rev. eVOP 12/06/07)

Smith, Curtis                                5                              11791-P. Warner

Pursuant to 18 USC 3583(g), if the defendant is found to have possessed a controlled substance, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). However, the provisions found in 18 USC 3583(d) allow the Court to supersede 18 USC 3583(g). Specifically, the availability of appropriate substance abuse treatment programs or an individuals current or past participation in such programs may warrant such an exception.

## RECOMMENDATION

This offender has committed multiple new crimes, used illicit drugs, and absconded from supervision. Additionally, his wife has secured an Order of Protection against him. This department has provided a myriad of opportunities for this offender to utilize to his benefit, to no avail. This matter represents Smith's third failed opportunity to make a positive adjustment in the community. We believe Smith clearly represents a danger to himself and to the community. Therefore, we would respectfully request that the Court issue a warrant so that the offender may be brought before the Court to answer for his violation behavior. Should the Court grant our request, and the offender's the term of supervised release is revoked we would recommend that Smith be sentenced to the maximum custodial term allowed of sixteen months, and that this time be served **consecutive** to any time spent in local and/or State custody.

If the Court were to revoke the offender's current term of supervised release and re-impose a term of supervised release, we would respectfully request that the previously imposed Special Conditions remain in effect.

Should the Court grant our request to initiate violation action, this memorandum will be disclosed to the offender, defense counsel and prosecutor, unless Your Honor directs otherwise.

Respectfully submitted,

Peter C. Warner
Sr. U.S. Probation Officer
(845) 344-6117

Approved by:

Edwin Rodriguez, Jr.
Supervising U.S. Probation Officer
(845) 344-6142

(Rev. eVOP 12/06/07)